Burke, J. (dissenting).
The orders of the Appellate Division should be reversed. Defendant clearly violated former section 146 (subd. 2) of the Labor Law (now covered in Labor Law, § 133, subd. 1, par. e) when he “ employed ” his 13-year-old half-brother in the construction of his house. That section, by its plain language, provided that “ [n]o child under the age of sixteen years shall be employed in or assist in: * * * The erection * * * of a building Even apart from the supposed ambiguity in the language “ assist in”, the statute defines the term “ employed ” as including “permitted or suffered to work ” (Labor Law, § 2, subd. 7) and thereby expressly prohibited precisely what the defendant did in this case, i.e., he “suffered”, “permitted” and, in fact, actively encouraged his 13-year-old half-brother to work in the construction of defendant’s home. Faced with this clear language, the court below and the majority here nonetheless proceed to “construe” where construction is both unnecessary and unsound. The statute is found inapplicable by this process because it is concluded that its prohibition applies only when the defendant’s activity has a commercial aspect.
The result of this “ construction ” cannot be supported. Merely on the basis of a common-sense appraisal of the evil sought to be dealt with by the Legislature in enacting the pertinent sections of the statute, it is clear that the dangers to minors such as the plaintiff inherent in building construction activities are the same whether the defendant is a builder for profit or whether the defendant, as in this case, is merely building for his personal use. Furthermore, the statutory scheme of which section 146 is a part indicates that, when the Legislature wanted to specify ‘ ‘ commercial ’ ’ limitations in various situations, it did so (see Labor Law, §§ 130, 131, 132). In addition, the Legislature made express exceptions in those same sections to deal with the permissible employment of minors of various ages by their parents - and guardians either on a “home farm or other outdoor work” (see Labor Law, § 130, *856 subd. 2, par. d; § 131, subd. 3, par. a, cl. [4]; § 132, subd. 3, par. a, cl. [5]). There is, therefore, no warrant for judicial creation of a like exception in section 146 (now § 133, subd. 1, par. e) since the Legislature was plainly aware of the need to provide for exceptions from the statutory prohibitions in certain “ family ” situations and obviously chose not to make such an exception in cases involving the construction of buildings. Since the plaintiff here has clearly demonstrated defendant’s violation of the section prohibiting the employment of a minor of plaintiff’s age for the purposes for which defendant employed him, the trial court properly directed a verdict for the plaintiff on the issue of liability.
I would but add that defendant attempts to bolster his argument for the construction adopted by the majority by resort to policy arguments. The alleged policy is apparently that of encouraging intra-family co-operation and mutual interdependence and defendant contends that the application of the statute to the facts of this case would frustrate that policy and would be ‘ ‘ clearly contrary to the thoughts and actions of a vast majority of the people of the state ”. Suffice it to say, first of all, that the ‘ ‘ thoughts and actions ’ ’, even of a reputed majority of the people of the State, are insufficient to nullify a positive legislative declaration contrary to those thoughts and actions. In addition, the appeal to intra-family co-operation and mutual interdependence is misplaced in the context of the question whether one who violates a duty and thereby causes injury to another should answer in damages even though both parties are members of the same family (Gelbman v. Gelbman, 23 N Y 2d 434) and it can hardly be said that the Legislature has announced a policy in favor of allowing one family member to use the services of a minor family member and yet escape liability for a resulting injury, particularly when the injury is as serious as the loss of an eye. The statute clearly reflects a contrary policy and requires that the orders below be reversed.
Accordingly, I dissent and vote to reverse the orders below.
Orders affirmed, etc.